UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| GxG MANAGEMENT, ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Civil No. 05-162-B-K |
| ) | |
| YOUNG BROTHERS AND ) | |
| CO., INC., ) | |
| ) | |
|     Defendant ) | |

REPORT OF TELEPHONE CONFERENCE
AND ORDER

I held a telephone conference at Bangor, Maine, on Tuesday, October 24, 2006, commencing at 11:00 a.m. and concluding at 11:37 a.m., with the following counsel participating:

    Michael X. Savasuk, Esq. for Plaintiff

    U. Charles Remmel, II, Esq. for Defendant

I requested this conference with counsel to discuss several pending motions in this matter:

    1. Motion for Attachment and Trustee Process (Docket No. 20);

    2. Motion to Strike Affidavit of Arvid Young (Docket No. 36);

    3. Motion for Reconsideration of Modified Scheduling Order (Docket No. 39).

    I hereby enter the following orders:

1. Docket No. 36, the Motion to Strike the affidavit of Arvid Young is **MOOT**. The Arvid Young affidavit attached to both the Reply to Additional Statement of Fact (Docket No. 31, Ex. 3) and the Response to the Motion for Attachment (Docket No. 34,

Ex. 2) is immaterial to the orders I have entered on either of the underlying motions and therefore I have not considered the affidavit in my decisions on those motions.

2. The Motion for Reconsideration is **GRANTED IN PART**. Discovery is reopened for a 30-day period for the limited purpose of allowing plaintiff to take the deposition of Arvid Young should it choose to do so. I make this ruling based upon defendant's oral representation that Randy Young, the Rule 30(b)(6) deponent, may be unavailable as a witness at trial and Arvid Young may be designated in his stead to testify on behalf of the company. If that situation should arise, I may allow Arvid Young to testify on behalf of the company, however, I do not intend to allow the defendant to introduce new evidence or new opinions into the trial of this case by designating Arvid Young as corporate representative. Based upon the existing record and the Arvid Young affidavit, I do not consider his testimony concerning the 450 boats of varying sizes and engine configurations built by Young Brothers with these identical engine mounts to be anything new in the case. (See MacKay Depo. at 68), (describing in plaintiff's agent's own words how he was told "they build all their boats" in the same fashion). As to other specific allegations in the affidavit, including Arvid Young's opinions about what the company would or would not have done regarding specifications from GxG, I have no basis to conclude whether Arvid Young has any personal knowledge about these issues, whether Randy Young has previously testified concerning this topic, or whether trial testimony by Arvid Young on these topics would be admissible. However, plaintiff should certainly have the opportunity to explore Arvid Young's anticipated testimony should he become a witness in this case if Randy Young is truly unavailable. I do not intend by this order to allow defendant to expand upon evidence already disclosed, nor do I intend to foreclose

defendant from offering proper rebuttal testimony should the need arise. We have been alerted to the possibility that defendant may seek to call Arvid Young as a witness at trial, and if that eventuality comes to pass, plaintiff will have had an opportunity to depose the witness.

3. The Motion for Attachment is **DENIED**. I do not consider this to be a case where the plaintiff can meet the more likely than not standard based upon the record now before me. There are simply too many credibility determinations and too much of a "battle of the experts" to make that determination at this stage of the proceedings based solely upon affidavits. The matter is essentially in order for trial as soon as plaintiff notifies the court it has completed the additional discovery, or thirty days have expired, whichever occurs first.

Final Pretrial Conference is now scheduled for Wednesday, November 15, 2006, at 1:30 p.m. Final pretrial memoranda shall be filed no later than Friday, November 10, 2006. An early and mutually convenient trial date will be established during the final pretrial conference. Counsel are advised to have their calendars ready.

*So Ordered.*

October 24, 2006

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge